# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:15-cv-70-FDW

| | | |
|---|---|---|
| KENDRIC DEMARCUS MCNEILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CAPTAIN SCOTT ALLEN, | ) | **ORDER** |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e) and § 1915A, (Doc. No. 1). On May 8, 2015, the Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 6). Thus, Plaintiff is proceeding in forma pauperis.

## I. BACKGROUND

Pro se Plaintiff Kendric Demarcus McNeill is a pre-trial detainee currently incarcerated at the Buncombe County Detention Facility. Plaintiff filed this action on April 6, 2015, pursuant to 42 U.S.C. § 1983, naming as the sole Defendant Scott Allen, identified as a Captain with the Buncombe County Sheriff's Office. Plaintiff purports to bring a claim against Defendant Allen for deliberate indifference to serious medical needs based on Plaintiff's allegations that jail staff did not adequately treat Plaintiff for his injuries—specifically, pain—after he slipped and fell in his cell. Specifically, Plaintiff alleges the following:

> On February 6, 2015 around 11:00-11:30, I was coming out [of] my cell for lunch . . . when I slipped and fell in a puddle of water that [had] been sitting there for a while according to inmates who have written and testif[ied] to [in] their statements.
> My blood pressure was [taken] and I was helped back to my room by the

> officer on duty after I explained to the nurse what happened and where I was
> hurting. I was left for 4 hours before the nurse decide[d] to come back with 3
> Ibuprofen. That night I was awoken in terrible pain and called for the nurse about
> 3 or 4 times which fail[ed] to show up at all and [I] didn't see a nurse until 8-8:30
> the next morning only to give me more pills, which I almost regurgitated and I
> informed them of this and nothing was done. I filed a grievance explaining all
> this and how the pain got worse over the next 2 days when they just stop[ped]
> bringing the pills after I was told I would get them for 9 days and told to fill out a
> sick call. I asked them how when I can barely move around on my own and that I
> shouldn't have to fill out a sick call and tell them something they already know
> and that I have a[n] injury that calls for a serious medical need.

(Doc. No. 1 at 3-4). As relief, Plaintiff seeks compensatory damages, and he also requests "to see a real doctor not staff nurses" working at the jail. (Id. at 4).

## II.    STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III.    DISCUSSION

To state a claim for deliberate indifference,[1] an inmate must establish two requirements:

---

[1]  Because Plaintiff is a pre-trial detainee, his deliberate indifference claim is properly brought

(1) a sufficiently serious deprivation occurred, resulting "in the denial of the minimal civilized measure of life's necessities," and (2) the prison official had a sufficiently culpable state of mind. Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). In the medical context, an inmate "must demonstrate that the officers acted with 'deliberate indifference' (subjective) to the inmate's 'serious medical needs' (objective)." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).

With regard to the objective prong, a "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko, 535 F.3d at 241 (quoting Henderson v. Sheahan, 196 F.3d 839, 846 (7th Cir.1999)). With regard to the subjective prong, a prison official is deliberately indifferent if he has actual knowledge of and disregards "the risk posed by the serious medical needs of the inmate." Iko, 535 F.3d at 241 (citing Farmer, 511 U.S. at 837); see also Makdessi v. Fields, No. 13-7606, 2015 WL 1062747, at *9 (4th Cir. Mar. 12, 2015) (holding that the subjective prong "may be proven by circumstantial evidence that a risk was so obvious that it had to have been known"). To be liable under this standard, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Furthermore, not "every claim by a prisoner [alleging] that he has not received adequate medical treatment states a violation of the Eighth Amendment." Estelle, 429 U.S. at 105. To establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v.

---

under the Fourteenth Amendment, rather than the Eighth Amendment, but the analysis is the same. See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239 (1983).

Beorn, 896 F.2d 848, 851 (4th Cir. 1990), overruled in part on other grounds by Farmer, 511 U.S. at 837.  Mere negligence, malpractice, or incorrect diagnosis is not actionable under 42 U.S.C. § 1983.  See Estelle, 429 U.S. at 106.  Moreover, while the Constitution requires a prison to provide inmates with medical care, a prisoner is not entitled to receive the treatment of his choice.  Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988).  A prisoner's difference of opinion over matters of expert medical judgment or a course of medical treatment do not rise to the level of a constitutional violation.  Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

Here, the Court will dismiss this action without prejudice against Defendant Allen because Plaintiff has alleged no personal participation whatsoever by Defendant Allen.  Indeed, aside from naming Allen as the sole Defendant, Plaintiff's factual allegations do not even mention Allen or suggest how Allen participated in the alleged failure to treat Plaintiff for his pain from the fall in his jail cell.  In sum, Plaintiff's allegations fail to state a claim against Defendant Allen for an Eighth Amendment violation based on deliberate indifference to serious medical needs.

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss this action against Defendant Allen. The action shall be dismissed without prejudice to Plaintiff to refile this action against those individuals who personally participated in the alleged deliberate indifference to Plaintiff's serious medical needs.

**IT IS, THEREFORE, ORDERED** that:

1. This action is dismissed without prejudice.

2. The Clerk is directed to terminate this action.

Frank D. Whitney
Chief United States District Judge